**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **KENNETH J. LAVERGNE** | **CASE NO. 2:26-CV-03054** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S A A FEDERAL SAVINGS BANK** | **MAGISTRATE JUDGE LEBLANC** |

# ORDER

Before this Court is a *Motion for Leave to Amend Notice of Removal* (the "Motion for Leave") filed by USAA Federal Savings Bank ("USAA"). Doc. 11. USAA's original Notice of Removal provided: "USAA, as a national banking association under 28 U.S.C. § 1348, is domiciled in Arizona and Texas." Doc. 1, ¶ 20. Pro-se plaintiff, Kenneth J. Lavergne, moved to remand, arguing in part that USAA is not a "national banking association" whose citizenship is determined under 28 U.S.C. § 1348, but is a "federal savings association" whose citizenship is only in the state of its "home office" pursuant to 12 U.S.C. § 1464(x). Doc. 7, pp. 4-5. USAA, agreeing with Lavergne's position, seeks through the Motion for Leave to file an amended Notice of Removal changing its citizenship solely to Arizona pursuant to § 1464(x). Doc. 11 at ¶¶ 4-5.

Lavergne responded to the Motion for Leave by filing *Plaintiff's Limited Opposition to Motion for Leave to Amend Notice of Removal (Doc. 11); Response to Record Submitted with Doc. 25; and Alternative Request to Limit the Effect of any Amendment*. Doc. 26.[1] In his submission,

[1] On October 1, 2026, USAA filed a *Notice of Non-Opposition to USAA Federal Savings' Bank's Motion for Leave to File Amended Notice of Removal*. Doc. 25. USAA argued that Lavergne was served with the Motion for Leave on September 2, 2026; that this court's *Notice of Motion Setting* [doc. 12] gave him 21 days after service of the Motion for Leave to oppose it; and that as of the filing of the *Notice of Non-Opposition* more than 21 days later Lavergne had not filed any opposition. *Id*. The Certificate of Service attached to the Motion for Leave indicates Lavergne was served with the Motion for Leave by electronic mail. Doc. 11 at p. 5. The record, however, indicates Lavergne did not consent in writing to receive service by electronic mail until September 21, 2026, after the Motion for Leave was filed and served. *See* Doc. 16. Thus, when Lavergne was served with the Motion for Leave is not clear, *see* Fed. R.

Lavergne does not so much object to USAA's effort to amend its removal allegations consistent with his original objection. Instead, Lavergne's limited opposition is intended to (i) make clear he is not unqualifiedly consenting to the amendment; (ii) require that USAA be held to prove its newly alleged citizenship was its citizenship at the time suit was filed; and (iii) ensure granting the Motion for Leave does not resolve his remand motion on its merits. *Id.* at p. 5.

USAA seeks leave to amend its removal notice under 28 U.S.C. § 1653, which provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section 1653 "is to be construed liberally." *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) (collecting cases). On the facts of this case, this Court believes § 1653 permits USAA to amend its Notice of Removal. The decision in *Cross v. Bank of New York Mellon*, No. CV H-20-1322, 2020 WL 5535976 (S.D. Tex. Sept. 15, 2020), is instructive. In *Cross*, the court observed:

> Plaintiff argues that Defendants seek to introduce new jurisdictional facts by amending the Notice of Removal to accurately state that BoNYM is a corporate citizen of Delaware and New York rather than a banking association citizen of New York. But a notice of removal's failure to correctly allege a corporate defendant's citizenship is a typical example of the type of technical error in jurisdictional allegations that may be amended under § 1653. See Whitmire [v. Victus Ltd.], 212 F.3d [885,] 888 [(5th Cir. 2000)]; D. J. McDuffie, Inc. v. Old Reliable Fire Insurance Co., 608 F.2d 145, 146 (5th Cir. 1979); Moore v. Gladiator Events, LLC, No. 3:15-cv-01877-M, 2015 WL 5459625, at *2-3 (N.D. Tex. Sept. 15, 2015). Whether the court has diversity jurisdiction turns on whether Defendants were of diverse citizenship from Plaintiff at the time of removal, not whether Defendants accurately alleged the bases of citizenship in the Notice of Removal. There is no dispute that BoNYM is a corporate citizen of New York and Delaware and not Texas and is therefore diverse from Plaintiff. The amendment seeks to cure a technical defect in the jurisdictional allegations rather than alter the underlying jurisdictional facts and is permitted under § 1653.

---

Civ. P. 5(b)(2), and so the timeliness of his opposition is equally unclear. Because the Court ultimately determines the Motion for Leave should be granted, achieving clarity on this point is not necessary.

*Cross*, 2020 WL 5535976, at *2; *see also Moore v. Gladiator Events, LLC*, No. 3:15-CV-01877-M, 2015 WL 5459625, at *3 (N.D. Tex. Sept. 15, 2015) ("Courts have recognized that, 'where a notice of removal fails to identify the citizenship of the members or partners of an unincorporated association, leave to amend should be granted under 28 U.S.C. § 1653.'" (quoting *Moreno Energy, Inc. v. Marathon Oil Co.,* 884 F.Supp.2d 577, 586–87 (S.D.Tex.2012)); *Stutsman v. Great W. Cas. Co.*, No. 6:15-CV-1684, 2015 WL 5437097, at *3 (W.D. La. Aug. 16, 2015) (cases collected), *report and recommendation adopted*, No. CIV. 6:15-1684, 2015 WL 5444891 (W.D. La. Sept. 15, 2015). Accordingly,

**IT IS ORDERED** that the *Motion for Leave to Amend Notice of Removal* [Doc. 11] is **GRANTED**, and, accordingly, the Clerk of Court shall file the *Amended Notice of Removal* [Doc. 11, att. 3] into the record of this matter.

This Order does not resolve *Plaintiff's Motion to Remand* [Doc. 7], which motion shall be addressed on its merits in due course following the filing of USAA's *Amended Notice of Removal* as directed herein. Nor does this Order resolve plaintiff's "narrow concern" as to the "temporal specificity" of the *Affidavit* of Cynthia Mason [Doc. 11, att. 4] submitted with the *Amended Notice of Removal*. *See* Doc. 26 at p. 3. As such, **IT IS FURTHER ORDERED** that plaintiff's *Alternative Request to Limit the Effect of any Amendment* [Doc. 26] is **GRANTED** to the extent herein set forth.

SO ORDERED at Lake Charles, Louisiana, this 13th day of October, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE